## CLOPTON *vs.* NORRIS.

An attorney not feed in *the case* may be employed to execute a commission to take the deposition of witnesses ; and if the witness examined in reply to a question, "who are present at the execution of these interrogatories, and who of them is feed counsel or agent for plaintiff in taking them ?" says that "no one is present but the commissioners and myself" the answer is full and sufficient for the objects contemplated by the party asking the question.

Case, for false and deceitful warranty of soundness of slave, in Polk superior court.   Tried before Judge HAMMOND, April adjourned Term, 1858.

This was an action on the case brought by Joseph M. Norris against David Clopton, for the recovery of damages for falsely and deceitfully warranting a negro woman sold by defendant to plaintiff to be sound.

At the trial, a great deal of evidence was offered on both sides, but the only errors assigned were the admission by the court of the testimony of two witnesses, on the part of the plaintiff, to-wit :

1. The depositions of Charles S. Harrison, to the reading of which defendant's counsel objected, on the ground that W. N. Hutchins, one of the commissioners who executed the commission to take the depositions of this witness, was an attorney at law, and paid by the plaintiff to take said depositions ; which objection the court overruled, and defendant excepted.

2. The depositions of George N. Lloyd, to the reading of which defendant objected, on the ground that the witness had not answered the last interrogatory, which was, "who are present at the execution of these interrogatories, and who of them is the feed agent or attorney for plaintiff in taking them ?"   To which witness answered,

"No one is present but the commissioners and myself."
The court overruled the objection and allowed the depositions to be read, and counsel for defendant excepted.

The jury found for the plaintiff, $792 60.

Whereupon defendant's counsel tendered their bill of exceptions, assigning the foregoing decisions as error.

CHISOLM & WADDEL, and JOHN A. JONES, for plaintiff in error.

SHROPSHIRE, *contra.*

*By the Court.*—McDONALD, J., delivering the opinion.

There is no rule of law which prohibits a party to a suit from employing an attorney to execute a commission to take the depositions of witnesses. An attorney retained in *the cause* cannot aid as commissioner or be present at the execution of the interrogatories.

To a question propounded to a witness, "who are present at the execution of these interrogatories, and who of them is the feed counsel or agent for plaintiff in taking them?" he answered, "no one is present but the commissioners and myself."

The defendant objected to the reading of the evidence given by this witness, on the ground that he had not fully answered that question. We think the answer was quite sufficient. If the commissioners had both been paid for their trouble in taking them, that would not have disqualified them. Of what profit to the defendant would a fuller answer have been? None at all.

The question was not what counsel employed in the case took the interrogatories, but what counsel or agent was employed to take them? If commissioners are paid merely for the time and trouble of executing the commission, and are not employed to be paid on condition the evidence benefits the party, or on any such unjust and ne-

farious stipulation or understanding, there can be no ob-
jection to the evidence taken by him on the ground that
he was paid for that service.

Judgment affirmed.